**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICKY COTTON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-87-XR |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Report and Recommendation concerning Petitioner Ricky Cotton's (1) petition for a writ of habeas corpus, under 28 U.S.C. § 2254; and (2) constitutional claim, under 42 U.S.C. § 1983 (Docket No. 22)[1], and Petitioner's objections to the Report (Docket No. 26).[2]  After careful consideration, and de novo review, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES in part and DISMISSES in part Petitioner's application for a writ of habeas corpus.

---

[1]Magistrate Judge's Mem. & Recommendation, June 23, 2010 (Docket No. 22).

[2]Pet'r's Reply to Resp't's Resp., July 8, 2010 (Docket No. 26).  Cotton actually filed a document entitled "Petitioner's Traverse & Objection to the Attorney General Answer to his § 2254 and § 1983 Petitions" after the memorandum and recommendation had been issued.  It appears that the Magistrate Judge's Report was deemed "undeliverable" according to the U.S. Postal Service even though it was sent to the address from which the Court received Cotton's response. (Docket No. 27). In light of Cotton's *pro se* status, and because the Report tracks closely with the Respondent's original answer, the Court construes this document as his properly-filed objections.  The Court has conducted a de novo review of the magistrate judge's memorandum and recommendation.

1

### Background and Procedural History

Cotton is currently serving a twelve-year concurrent sentence in the custody of state authorities based on three 2003 convictions, all felonies: two third-degree felony convictions for felon in possession of a firearm and one third-degree felony conviction for assault on a public servant.  (Docket No. 21, ex. A).[3]  Cotton also previously served prison time before these convictions.

Cotton was involved in a fight in 1985, shot and killed his opponent, and served more than eight years on his sentence before his conviction was vacated, due to ineffective assistance of counsel, on the grant of a state habeas petition in 1994.  SHCR-04, 2339532 at 487–89.[4]  Cotton filed state and federal habeas corpus petitions attacking his indictment and alleging double jeopardy on February 17, 1995, as an attempt to halt his retrial.  SHCR-03, 1755848 at 5–7, 13; *Cotton v. Hilbig*, Civil Docket for Case No. 5:95-cv-00147-OLG, Feb. 17, 1995 (W.D. Tex.), ECF No. 1.  Both petitions were denied.  1755848 at cover; *Cotton*, ECF No. 4, 8, 9.  Cotton then took a plea bargain and was convicted of murder and attempted murder on July 9, 1998.  SHCR-05, 2340867 at 437–40.  His sentence was for eight years, which he had already served, so he was released.  *Id.*

After serving about five years of his concurrent sentences for the 2003 convictions, Cotton was denied release to mandatory supervision, for which he sought and exhausted administrative

---

[3]Resp't's Resp. to Pet. for Writ of Habeas Corpus, ex. A, Jun. 21, 2010 (Docket No. 21). Cotton does not appear to have challenged these convictions on direct appeal.  SHCR-05, 2340866 at 2–3; *see also* Resp. at 4, n.6 (Docket No. 21).

[4]The Court has adopted the Respondent's citations to the state habeas petitions that Cotton has filed with the Texas Court of Criminal Appeals, numbered 23,807-01 through -06.  As the Respondent explains, the petitions have multiple volumes, but can be distinguished by the EventID on the cover sheet.  Thus, the citation format: "SHCR[-01 through -06], [EventID] at [page];" and, short form format: "[EventID] at [page]."

remedies.  SHCR-05, 2340866 at 4; SHCR-04, 2339533 at 4.  Cotton then filed two state habeas petitions on May 5, 2008.  One challenged the denial of release to mandatory supervision.  2340866 at 1–12, 407.  The other challenged his 1998 conviction.  2339533 at 1–16, 407.  The Texas Court of Criminal Appeals adopted the trial court findings and denied both petitions without written order on October 1, 2008.  SHCR-05, 2340867 at cover; SHCR-04, 2339532 at cover.  Cotton filed his federal habeas petition on January 15, 2010, the date he placed it in the prison mail system.  (Docket No. 2 at 9).[5]

Cotton's federal habeas corpus application raises eight grounds for relief, attacking both his 1998 conviction and the denial of his release to mandatory supervision.  Pet. at ¶ 20.  Cotton's Grounds (1)–(3), relating to the denial of release to mandatory supervision, allege: (1) "Title 42 U.S.C. § 1983, civil rights complaint," (2) "denial mandatory supervision release," and (3) "denial of trial transcript records."  *Id.*  Grounds (4)–(8), challenging the 1998 conviction, allege: (4) "void indictments," (5) "insufficient evidence," (6) "double jeopardy violation," (7) "illegal plea bargain agreement," and (8) "ineffective assistance of counsel."  *Id.*

### Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Cotton's petition for writ of habeas corpus be dismissed in part and denied in part.

First, the Magistrate Judge addressed the Court's jurisdiction to hear Cotton's Grounds (4)–(8), relating to his 1998 plea bargain conviction.  Mem. & Recommendation at 4.  The Magistrate Judge construed Cotton's claims as "directly attacking his murder and attempted murder convictions, which expired long ago."  *Id.* at 4–5.  Because Cotton is no longer "in custody" on the

---

[5]Pet'r's Pet. for Writ of Habeas Corpus 9, Jan. 15, 2010 (Docket No. 2).

1998 conviction, the Magistrate Judge reasoned that the district court could not hear the claims under the Supreme Court's interpretation of the federal habeas corpus statute. *Id.*(citing *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).

Second, the Magistrate Judge addressed Ground (1), the civil rights complaint. Cotton alleged this violation and did not explain or even address it in his attached memorandum. Pet. at attached mem. of law; *see also* Resp. at 6, n.10. The Magistrate Judge recommended that the claim be dismissed because habeas corpus is the sole remedy available for either a prisoner seeking (1) release from imprisonment, or (2) another remedy that, if granted, necessarily implies the unlawfulness of the prisoner's confinement. Mem. & Recommendation at 5 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)).

Third, the Magistrate Judge addressed Ground (2), the claim for improper denial of mandatory supervision and transcripts, first under the statute of limitations, and then on the merits.

Under the statute of limitations, the Magistrate Judge analyzed Cotton's best chance to show that he was within the one-year limit for bringing a federal habeas petition, the new discovery of the factual predicate for a claim that could not have previously been discovered through due diligence. Mem. & Recommendation at 6 (citing 28 U.S.C. § 2244(d)). Because Texas law makes a person who has previously been convicted of murder ineligible for mandatory supervision, the Magistrate Judge reasoned that Cotton "could have known, through the exercise of reasonable diligence" that he was ineligible when he was sentenced, on August 18, 2003. *Id.* at 7. The statute of limitations expired on August 19, 2004, under this view—nearly four years before Cotton filed his state habeas

4

petition.[6]

Analyzing the merits of the claim, the Magistrate Judge followed the federal habeas statute, which does not allow a district court to grant relief on an issue that a state court decided on the merits, unless the state court decision is defective. *Id.* at 9 (citing 28 U.S.C. § 2254(d)).[7]  Because the state habeas petition was denied based on the trial court findings, which found Cotton ineligible under Texas law, the October 1, 2008 denial was on the merits of a state law issue.  The decision did not meet either of the two grounds for relief in the statute, so the claim failed on the merits.  *Id.* at 10.

Fourth, the Magistrate Judge addressed Ground (3), improper denial of transcripts for his murder and attempted murder cases.  The Magistrate Judge recommended denial of the claim because those cases have been final for many years, and "[t]hey are no longer subject to attack."  Mem. & Recommendation at 10 (citing *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001)).

### Petitioner's Arguments

Cotton filed a document that the Court has construed as his objections to the Magistrate

---

[6]The Magistrate Judge also conducted an alternate analysis "[i]n deference to Cotton's *pro se* status," which counted from the day his state habeas petition was denied, on October 1, 2008. Cotton stated in his state habeas petition that his "prior void murder conviction . . . was used . . . to make him a non-eligible mandatory supervision prospect," meaning that he was aware of the reason for his ineligibility, at the latest, on the date his state habeas petition was denied.  Pet. at attached memorandum of law, "History of Case," 4.  Because Cotton filed his federal habeas petition on January 15, 2010, it was also untimely under this generous interpretation. Mem. & Recommendation at 7–8.

[7]Specifically, relief is only proper if the state court decision (1) was contrary to or involved an unreasonable application of clearly-established federal law, as announced by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented.

Judge's Report and Recommendation.   This section outlines all of Cotton's objections and categorizes them.[8]

## A. Jurisdiction Over Grounds (4)–(8)

Cotton argues that he is not "in custody," and therefore that the Court lacks jurisdiction. Cotton claims that Texas is using an old sentence to enhance a penalty, which "breathes new life" into the old conviction and allows for collateral attack.   Reply at 1 (citing *Tredway v. Farley*, 35 F.3d. 288, 295 (7th Cir. 1994)).[9]

## B. Cognizability of Ground (1)

Cotton argues that Ground (1) is cognizable.   First, Cotton argues that federal habeas claims can be combined with § 1983 claims in petitions when a prisoner is attacking a parole process rather than his confinement.   Reply at 2 (citing cases).   Second, Cotton argues that under Texas law, an inmate is entitled to mandatory supervision; thereby, gaining a liberty interest in accumulated good time that may only be revoked through due process of the law.   *Id.*

## C. Statute of Limitations on Ground (2)

Cotton argues that the statute of limitations should be calculated in order to preserve both (1) his claims about the improper denial of release to mandatory supervision under his current sentence, and (2) his claims about the invalidity of his 1998 conviction, Grounds (4)–(8).   Reply at 3–6.   First, Cotton argues that he recently discovered the factual predicate of his mandatory supervision claim

---

[8]Cotton's reply contains no argument that could be construed as an objection to the Magistrate Judge's finding on Ground (3), that he is not entitled to transcripts from his murder and attempted murder cases.

[9]Cotton also claims that a Fifth Circuit case constitutes a new rule of constitutional law within the meaning of the federal habeas statute.   *Id.* (citing *Teague v. Quarterman*, 482 F.3d. 769, 774 (5th Cir. 2007)).

because of a newly-announced constitutional rule, which would start the clock at a later date. *Id.* (citing *Teague v. Quarterman*, 482 F.3d. 769, 774 (5th Cir. 2007) (announced March 21, 2007)).

Second, Cotton's arguments about the timeliness of Grounds (4)–(8) follow. Cotton says he recently discovered that he was granted oral arguments on a 1995 federal habeas petition but that the court clerk erred and provided him with no notice; thus, the case remains open. Reply at 3. Cotton argues that the AEDPA statute of limitations does not apply to this case because, when the statute became effective on April 24, 1996, this case was pending review of a certificate of probable cause (CPC) in the Fifth Circuit. *Id.* Finally, Cotton contends that the Court needs to re-open his murder conviction to find out why oral arguments never happened and to hear them. *Id.*

**D. Miscellaneous Arguments**

Cotton raises a number of other issues in his document that the Court has attempted to construe as procedural objections, two federal and three state. First, Cotton alleges that because the federal petition was dismissed on procedural grounds it deserves an evidentiary hearing. Reply at 3. Second, Cotton alleges that he did not receive an order concerning the issues he alleges were certified for a CPC by the district court in his 1995 federal habeas petition, nor for the grounds for the district court finding the petition in "procedural default." *Id.* Cotton claims this makes him unable to defend himself. *Id.* at 4–5. Third, Cotton alleges that all of his claims have been exhausted in state court because they are the same claims as those brought in the 1995 petition. *Id.* at 3. Fourth, Cotton alleges that the "contemporaneous objection rule" does not bar the new claims because he filed at the "next most available time" pursuant to Texas rules. *Id.* at 4. Fifth, Cotton alleges that his claims pertaining to the invalidity of his 1998 conviction are not procedurally defaulted in state court. *Id.*

**Standard of Review**

The Court must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected.  28 U.S.C. § 636(b)(1) (2001 & Supp. | 2010) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The Court will examine the entire record with regard to that portion, and will make an independent assessment of the law.  The Court reviews the rest of the Report for clear error only.  *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Court is conducting a de novo review on the issues raised in Petitioner's recent filing with the Court.

**Analysis**

**A. Jurisdiction Over Grounds (4)–(8)**

Cotton's federal habeas petition indicates that he is challenging "a judgement of conviction or sentence, probation or deferred-adjudication probation." Pet. at 2.  The petition also indicates that Cotton is challenging his June 27, 1986, conviction for murder, but cites both the murder and attempted murder docket numbers.  *Id.*  The Court notes that the 1986 conviction was already vacated pursuant to a 1994 state habeas petition, meaning the only prior conviction with any possible effect on Cotton's current sentence is his 1998 conviction, resulting from his plea bargain.  *See* SHCR-05, 2340867 at 437–40.  The Court will construe Cotton's challenge to be to his current conviction as affected by his 1998 plea bargain conviction.[10]

_____

[10]The Court does so in light of the petitioner's *pro se* status.  In Cotton's federal habeas petition, he claimed that he had a plea agreement "illegal[ly] forced" him because (1) he was exhausted with the process; (2) his loss of his habeas challenges on double jeopardy; and (4) his wish to avoid the risk of re-imprisonment. Pet. at attached mem. of law, "History of Case," 3–4.  As the Court has construed them here, Cotton's arguments make clear that he is attacking his convictions

8

A district court has jurisdiction to "entertain petitions for habeas relief only from persons who are '*in custody*'" of the state at the time a federal habeas petition is filed. *Maleng*, 490 U.S. at 490 (quoting 28 U.S.C. § 2254(a)). The Magistrate Judge found that since Cotton's 1998 sentence has "fully expired," the Court does not have jurisdiction to hear a "direct[ ]attack" on his 1998 conviction because Cotton is no longer in custody for that conviction. Mem. & Recommendation at 4 (adopting the Respondent's argument); Resp. at 7.

Indeed, federal courts have no jurisdiction to hear a direct attack on a conviction for which a sentence has already been fully served because the person is no longer "in custody." *Maleng*, 490 U.S. at 493–94. But, federal courts do have jurisdiction to hear such a claim if it can be construed to be an attack upon a conviction for which they are *currently* serving time. *Id.* Yet, even though such a claim satisfies the "in custody" requirement, the Supreme Court has held that a prior conviction cannot be attacked in federal court if that conviction can no longer be attacked in its own right, either because the prisoner failed to challenge it while the remedies were available, or did so and lost. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. at 403–04; *see also Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (holding the same for a § 2255 habeas corpus petition).[11]

A prisoner not technically serving a sentence for a prior conviction can avoid the "in custody" requirement if a *pro se* petition can be read as an attack on a current sentence. *Maleng*, 490 U.S. at

———————————————

on the theory that his present sentence has "breathed new life" into those prior convictions. Reply at 1. Thus, the Court construes this as an attack on his current confinement. *See Maleng v. Cook*, 490 U.S. at 493 (construing a pro se challenge to a fully served prior sentence as a "challenge to the [current] sentence[,] as enhanced by the allegedly invalid prior conviction.").

[11]The only exception the Supreme Court agreed upon was for a constitutional claim that no attorney was appointed at trial. *Coss*, 532 U.S. at 404.

493–94.  In *Maleng*, a prisoner filed a habeas petition to challenge a prior state court conviction.  *Id.* at 489–90.  Addressing an already-served 1958 sentence, the court held that the prisoner was no longer "in custody" on that sentence, even though it had been used to enhance a later state sentence. *Id.* at 492.  But, the Supreme Court also held that his petition could be construed as a challenge to his 1978 conviction, for which the prisoner was "in custody."  *Id.* at 493.  The court did not address whether the claims about the illegality of the prior conviction were cognizable, but held firmly that the court's jurisdiction extended to hear those claims when the *pro se* petition could be read to challenge the later conviction.

Even when an attack can be construed to be on a current sentence, a fully expired prior conviction generally cannot be challenged, even if it was used to enhance the current sentence, if it may no longer be attacked directly.  *Coss*, 532 U.S. at 403–04.  In *Coss*, a state prisoner alleged that a state court had illegally considered a prior conviction in sentencing him for his current crime.  *Id.* at 399.  The sentence for the prior conviction had already been served entirely.  *Id.* at 398.  The Supreme Court held firm on the "in custody" issue—because the prisoner's *pro se* petition could be read as attacking his later conviction.  *Id.* at 402.  But, the Supreme Court resolved the case on the issue of cognizability, holding that when a prior conviction has affected a current sentence, a petitioner may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies were available, or did so and lost.  *Id.* at 403–04.

The Fifth Circuit has responded to *Coss/Daniels* by dismissing claims against prior convictions when prisoners had failed to attack their prior convictions on direct appeal.  *See United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (per curiam).  In *Clark*, the court held that a

10

prisoner who had "never attempted any attack, by direct appeal or otherwise" could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence. 284 F.3d at 564, 567. Because the issue in *Clark* case was whether a state conviction had been attacked, the Court sees no reason why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule.

Here, Cotton failed to directly attack the prior conviction and also failed in a state-court collateral attack. Accordingly, Grounds (4)–(8) must be dismissed for lack of subject matter jurisdiction. First, Cotton failed to directly appeal either his 1998 conviction or any of his 2003 convictions. None of these convictions are open to direct attack. Thus, Cotton is in the same position as the *Clark* petitioner, who waited until his sentences were enhanced to bring the first challenge to his prior conviction. Second, Cotton filed a state habeas corpus petition in 2008, a collateral attack on his 1998 conviction, and it was dismissed on the merits without a written order. Thus, in the plain meaning of the rule in *Coss*, Cotton challenged his conviction and lost, making his conviction final.[12]

Both the Respondent and the Magistrate Judge rely on *Maleng* for the proposition that a conviction may not be attacked in a federal habeas proceeding once the sentence has fully expired at the time the petition is filed. *See Maleng*, 490 U.S. at 491. But *Maleng* also stands for the proposition that *pro se* petitions that can be construed to attack a sentence currently being served on the basis that it was enhanced by an illegal conviction will be so construed. *Id.* at 493. Indeed,

---

[12]As will be explained below, challenges to the 1998 conviction are also barred in federal court by the statute of limitations, leaving Cotton no remaining method to attack the prior conviction in its own right.

*Maleng* rules out "in custody" jurisdiction when a former prisoner "suffer[ing] no present restraint" seeks to challenge his conviction "merely because of the possibility" that the conviction can serve to enhance a hypothetical later sentence. *Id.* at 492. In other words, the "collateral consequences" of a conviction down the road, "are not themselves sufficient" for "in custody" jurisdiction when the convict is a free person at the time of filing. *Id.*

But that was not the situation in *Maleng*, where a prisoner whose prior conviction had added years to a sentence he was awaiting, on a mandatory basis, nor is it the situation before the Court today. In *Maleng*, because the prisoner's petition could be construed as an attack on the later, enhanced sentence, for which he was restrained at the time of filing, jurisdiction attached. Here, Cotton is presently restrained, and he contends that it is due to the effects of his 1998 conviction. But, Cotton may no longer attack his prior conviction under *Coss/Daniels*, and thus the Magistrate Judge's report was correct. Grounds (4)–(8) are dismissed for lack of subject matter jurisdiction.

## B. Cognizability of Ground (1)

Cotton states that he is not challenging "the fact or duration" of his confinement, but rather "the erroneous parole board rule and the erroneous hearing it employed to make [him] non-mandatory supervision eligible." Reply at 2. Cotton contends that he has a "liberty interest" in release to mandatory supervision under Texas law because of the predominantly automatic nature of the state statutory scheme. *Id.* Cotton contends that he is entitled to due process before his "release date can be withdrawn." *Id.* Thus, he seeks to challenge his ineligibility as a civil rights violation under 42 U.S.C. § 1983.

However, habeas corpus is the sole action available for state prisoners wishing to challenge the duration of their confinement. *See Preiser*, 411 U.S. at 500. Even when confinement is not

directly challenged, a prisoner must use habeas corpus if he is seeking a judicial determination that necessarily implies that the confinement is illegal. *Wilkinson*, 544 U.S. at 81. While parole proceedings in some cases are open to challenge under § 1983, habeas corpus must be used when a prisoner seeks to challenge one hearing or determination rather than the whole set of procedures. *See id.* at 80 ("[T]he prisoners attacked only the 'wrong procedures, not . . . the wrong result . . . .'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 483114 S.Ct. 2364, 129 L.Ed.2d 383 (1994))); *see also Jeffery v. Owens*, 216 F. App'x 396 (5th Cir. 2006) (per curiam) ("[The petitioner] is not making a general challenge to parole procedures, he alleged a specific error in his case—that the Board wrongly considered arrests which had been expunged to deny him parole."). And prisoners "requesting immediate or speedier release to mandatory supervision" may only bring those claims in habeas proceedings. *See Kennedy v. Tex. Pardons and Paroles*, 136 F. App'x 712, 713 (5th Cir. 2005) (per curiam). Plus, in order to seek § 1983 damages based on the illegality of a conviction, the conviction must first be found invalid through habeas corpus or related procedures. *See Heck*, 512 U.S. at 487.

In Texas, mandatory release is "the release of an *eligible* inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5) (Vernon 2004) (emphasis added). Prisoners with previous murder convictions are statutorily ineligible for mandatory supervision. TEX. GOV'T CODE ANN. § 508.149(a)(2) (Vernon 2004 & Supp. 2009). A prisoner ineligible for mandatory supervision by the terms of the statute has no constitutionally protected interest in good time. *See Teague*, 482 F.3d. at 774 (5th Cir. 2007); *see also Stewart v. Crain*, 308 F. App'x 748, 750 (5th Cir. 2009) (per curiam) ("Because [the petitioner] is ineligible

13

for early release under the Texas mandatory supervision scheme, he has no constitutionally protected interest in previously earned good-time credits.").

Here, Cotton's § 1983 claim is not cognizable on a number of grounds.  First, his ineligibility for mandatory supervision is statutory, based on his prior conviction for murder.  As such, he has no constitutionally protected interest in release under the statute.  Second, his only challenge to the procedure is based on his own conviction for murder, which he contends was illegal.  Thus, he is limited to proving the invalidity of his conviction before his § 1983 claim can be cognizable.  Third, because Cotton is challenging the duration of his confinement and seeks speedier release from prison as his remedy (or because a finding of constitutional violation would necessarily imply the invalidity of his imprisonment), he is limited to habeas corpus proceedings.  Fourth, even though some challenges to parole proceedings can avoid habeas proceedings, they can only do so when they attack the procedures themselves, not a particular denial or proceeding.  Even though Cotton contends that he is challenging the proceedings, his only basis for the challenge is the affect his prior conviction is having on his current imprisonment, not the proposition that prior convictions are a constitutionally invalid means of limiting mandatory supervision eligibility.

Cotton cites Fifth Circuit case law to say that the Texas statute creates a constitutional expectation of release that can only be withdrawn through due process.  Reply at 2 (citing *Teague*, 482 F.3d. 769 (holding that the new discretionary language in the post-1996 mandatory supervision law did not eradicate all prisoners' liberty interests because the statute is still mostly mandatory)).  In *Teague*, however, the issue was whether a prisoner would get credit for good time, not his statutory eligibility for mandatory supervision.  *Id.*  Indeed, mandatory supervision is distinct from revocation of good time, because it is based on subjective determinations, not factual determinations.

14

*Boss v. Quarterman*, 552 F.3d 425, 429–30 (5th Cir. 2008) ("Denying mandatory supervision and revoking good-time credits are distinct deprivations for which the Supreme Court has prescribed different constitutional protections."). *Teague* counters Cotton's claim because it shows that the question of whether one has an expectation of release comes *after* one is eligible for the possibility.

Cotton cites a district court case in which a habeas corpus claim was brought together with a Section 1983 claim. Reply at 2 (citing *Cook v. Collins*, 830 F. Supp. 348, 349 (W.D. Tex. 1993)). In that case, however, the Section 1983 claim was dismissed without prejudice because it was preempted by habeas corpus. *Id.* at 349.

The Court concludes, as did the Magistrate Judge, that Cotton's § 1983 claim must be dismissed because it is preempted by habeas corpus.

## C. Statute of Limitations on Ground (2)

Regarding his claim based on the denial of mandatory supervision, Cotton contends that he recently discovered the factual predicate to his claim because of the new constitutional right discussed in *Teague*, announced on March 21, 2007. Reply at 3.

First, Cotton cites a Fifth Circuit decision, and the statute specifies that the limitations period may only be counted from the date of a certain type of Supreme Court decision that announces a new rule of constitutional law made retroactive. 28 U.S.C. § 2244(d). Thus, there is no basis to count from the day *Teague v. Quarterman* was announced. But even if the Court did count from that date, Cotton signed his state habeas petition challenging his mandatory supervision ineligibility on April 26, 2008, and filed it on May 5, 2008. SHCR-05, 2340866 at 11, 407. Both dates are over one year from the time Cotton asks the Court to begin the clock. Cotton also admits that he filed this petition after exhausting his remedies with the Texas Department of Criminal Justice, which he dates to

15

approximately February or March, 2007. *See* Reply at 3. Thus, even under Cotton's own time frame, his petition was untimely filed as to his mandatory supervision ineligibility.

Cotton's remaining statute of limitations arguments relate to the timeliness of his challenges to his 1998 murder conviction, Grounds (4)–(8). Because the jurisdiction issue will dispose of the need to resolve statute of limitations issues on Grounds (4)–(8), the Court resolves the issue for the sole purpose of informing Cotton of what the record shows.

Cotton seeks to challenge his conviction by voiding the original indictment, the subject of a federal habeas petition he filed in 1995, before his second trial for murder. Reply at 3. The argument is that he was granted oral arguments, but through a clerk error, was not given the chance to present them. *Id.* As a result, Cotton contends, he is not subject to AEDPA and thus, (1) the statute of limitations does not apply, or (2) he is now seeking to reopen his case based on the discovery of a new fact that could not have been discovered through due diligence. *Id.* at 3–4.

Cotton claims the federal petition was "remanded for an evidentiary hearing" and that "oral arguments never went forward because of an omission on the part of the Court Clerk." Reply at 3. As a result, contends Cotton, the petition dismissed on December 28, 1995, can be reopened and is not subject to the AEPDA statute of limitations, which took effect April 24, 1996. 28 U.S.C. § 2244. Cotton offered no evidence for the Court to evaluate this objection. In deference to Cotton's *pro se* status, the Court has fully reviewed the docket records of the Fifth Circuit and the District Court in an attempt to make sense of the claim.

The record reflects the following. The Fifth Circuit entered three items on the docket on December 28, 1995: (1) the judgment dismissing Cotton's appeal, (2) the order denying Cotton's motion to proceed *in forma pauperis*, and (3) the order denying Cotton's motion to appoint counsel.

Ct. of Appeals Docket No. 95-50257, Docketed: April 19, 1995, Docket Entries: Sept. 22, 1995,

Dec. 28, 1995 (5th Cir. 1995).  The Court reads Cotton as objecting to (2) and (3), because the record

shows that those motions were held in abeyance on September 22, 1995, to give Cotton a chance to

comply with the proper rules for those motions.  *Id.*  The docket shows "Clk of ct is directed to send

Cotton appropriate forms & affidavit. Cotton has 20 days from receipt of forms & affidavit to

comply with this order."  *Id.*  The Court understands this last statement to be the "clerk error" that

Cotton alleges, and it does not impact the statute of limitations in this case.  In fact, the case was

dismissed on independent grounds unrelated to the two motions in question.  *Id.*  The case was not

"dismissed on procedural grounds" due to the clerk's alleged error.  Reply at 3.  Also, the record

does not reveal any granting of oral arguments in the case, rather it reveals that all of Cotton's

relevant motions were denied.  Ct. of Appeals Docket No.: 95-50257, Docketed: April 19, 1995,

Docket Entries: July 7, 1995, Sept. 22, 1995, Dec. 28, 1995, Feb. 1, 1996, Oct. 11, 1996, Jan. 8,

1997 (5th Cir. 1995).

It is clear from the record that Cotton's petition was not denied due to a technical mistake

in notice.  Because the record reveals no reason to delve into whether the petition before the Court

today is, or can be, a continuation of this earlier petition, the Court is left to evaluate the statute of

limitations beginning first with the date that this petition was filed in state court, May 5, 2008.

Accordingly, the Magistrate Judge's Report clearly showed that the statute of limitations has run

under this date.  Thus, the Magistrate Judge's findings on all statute of limitations issues are adopted.

**D. Miscellaneous Objections**

The additional issues Cotton raises are non-responsive in light of the decisions announced

in items parts A–C of this order.  As to Cotton's two federal claims, he offers no evidence that the

1995 federal petition was dismissed solely on procedural grounds.  In fact, the record indicates that they were dismissed independent of any procedural defects.  Thus, the Court's findings on the statute of limitations and jurisdiction make examination of those points redundant.

As to Cotton's state claims, he seems to be concerned with whether or not his claims have been exhausted in state court.  Because all of Cotton's claims fail without examining that issue, there is no reason to address this issue.  This case will not be decided on the basis of whether or not Cotton exhausted his claims at the state level.  Therefore, all of Cotton's miscellaneous objections do not prevent the Court from accepting the Magistrate Judge's Report.

**Conclusion**

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED. Petitioner Ricky Cotton's Petition for Writ of Habeas Corpus is DENIED in part and DISMISSED in part.

It is so ORDERED.

SIGNED this 16th day of August, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE